MISSOURI PACIFIC RAILROAD COMPANY *v.* HANCOCK.

4-3108

Opinion delivered October 16, 1933.

*Thos. B. Pryor* and *W. L. Curtis,* for appellant.

*Thomas P. Holt* and *D. H. Howell,* for appellee.

HUMPHREYS, J.   These cases were consolidated for the purpose of trial with the result that appellee Hancock recovered judgment for $250 against appellant and appellees Buchanans recovered $500 for the Buchanan estate, from which is this appeal.

The testimony in the cases was sufficient to warrant the jury in finding that appellant knew that Archie Hancock, who was injured, and his companion, Willis Buchanan, who was killed in a train wreck near Van Buren, were in a box car on the train without permission; and in finding that the train crew or some of them knew that a hot box developed on one of the trucks of a car near the one the boys were riding in, and that the crew knew that it was very dangerous to operate a train with a hot box, and contrary to the rules of appellant to do so.

Instancing the sufficiency of the testimony to warrant the jury in so finding, reference is made to that part of the record which reflects that a brakeman discovered the boys in the car and talked to them concerning the movement of the train and when it would arrive in Van Buren; and to that part of the record which reflects that signals were given by a number of persons that the train had a hot box and the signal back from one of the train crew, and the stop signal which was given by the depot agent at Alma.   This testimony warranted a submission of the cause to the jury under the doctrine of discovered peril.   That doctrine is to the effect that a duty under the law rests upon the railroad company to use ordinary care not to injure even a trespasser when his peril is discovered or known.

All the instructions given to the jury correctly defined this doctrine except No. 10 given at the request of appellee.   This instruction imposed the duty upon appellant to use ordinary care to prevent the injury if its agent "should have known of said burning hot box."

This was a misstatement of the law of discovered peril and constituted reversible error.

On account of the error indicated, the judgments are reversed, and the causes are remanded for a new trial.

McHANEY and BUTLER, JJ., agree that the case should be reversed, but are of the opinion it should be dismissed, as the discovered peril doctrine has no application to the facts in this case.